

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DESMOND ROUSE, | \* | CIV 06-04008 |
| | \* | CR 94-40015 |
| Movant, | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | • | AND ORDER |
| UNITED STATES OF AMERICA, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Desmond Rouse ("Rouse") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) By Order issued on January 25, 2006, the Court directed the Government to file a response to the § 2255 motion, limited to the issue of its timeliness. (Doc. 2.) The Order also indicated that, within 20 days after service of the government's response, Rouse must file a reply to any arguments made by the government regarding the timeliness of his motion. (*Id.*) The Government filed its Response on February 7, 2006, arguing that Rouse's motion for a new trial did not extend the § 2255 limitation period and that equitable tolling does not apply in this case. (Doc. 7.) The government asserts that Rouse's § 2255 motion should be dismissed with prejudice. The time for Rouse to file a reply to the government's arguments has passed, and he has failed to do so.

## PROCEDURAL BACKGROUND

In August of 1994, Rouse and three of his co-defendants, Jesse Rouse, Garfield Feather and Russell Hubbeling, were convicted by a jury on charges of aggravated sexual abuse involving five young girls in their extended family aged 20 month to seven years in violation of 18 U.S.C. § 2241(c). After the Court imposed sentence, the defendants appealed. A divided Eighth Circuit panel initially reversed the defendants' convictions, *United States v. Rouse*, 100 F.3d 560 (8th Cir. 1996), but after the entire Eighth Circuit granted *en banc* review and vacated the panel opinion,

*United States v. Rouse*, 107 F.3d 557 (8th Cir. 1997), the panel, on rehearing, issued a new opinion affirming the convictions and *en banc* review was dismissed. *United States v. Rouse*, 111 F.3d 561 (8th Cir.), *cert. denied*, 522 U.S. 905 (1997). On October 6, 1998, Russell Hubbeling timely moved for § 2255 relief.[1] Jesse Rouse filed a § 2255 motion on November 24, 1998, but it was untimely.[2] On June 11, 1999, the defendants filed a joint new trial motion under Rule 33(b)(1) of the Federal Rules of Criminal Procedure, arguing that recantations by child witnesses constituted newly discovered evidence entitling the defendants to a new trial. The motion for new trial was denied by Memorandum Opinion and Order issued on February 10, 2004. The Eighth Circuit affirmed this Court's decision on June 8, 2005. *United States v. Rouse*, 410 F.3d 1005 (8th Cir. 2005). Seven months later, Rouse filed the pending motion seeking § 2255 relief.

## DISCUSSION

Rouse's § 2255 motion is untimely. A one-year statute of limitations applies under 28 U.S.C. § 2255 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2255. The limitation period shall run from the latest of - -

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Hubbeling's § 2255 motion was denied by this Court on December 8, 2000. On May 3, 2002, the Eighth Circuit affirmed this Court's decision. *Hubbeling v. United States*, 288 F.3d 363 (8th Cir. 2002).

[2] Jesse Rouse agreed that his motion was untimely, but argued that the Court should apply equitable tolling to relieve him of the consequence of the late filing. The Court concluded that Jesse Rouse failed to establish any extraordinary circumstances beyond his control that prevented him from timely filing his § 2255 motion, and the motion was denied by this Court on September 20, 1999.

2

28 U.S.C.A. § 2255. Rouse does not assert that governmental action prevented him from filing his motion earlier or that the facts supporting his claims could not have been discovered at the time the judgment became final. He has not raised a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Thus, section (1) applies to Rouse's case.

The one-year limitation period for Rouse to file a § 2255 petition began to run on October 6, 1997, the date on which Rouse's petition for a writ of certiorari was denied. *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003) (per curiam) (conviction is final on the day that the Supreme Court denies the petition for a writ of certiorari). No explanation has been provided to the Court for Rouse's failure to comply with the statute of limitations and, absent tolling provisions, the statute of limitations expired on October 6, 1998.[3] Rouse did not file this § 2255 motion until January 17, 2006, more than seven years after the deadline. Accordingly,

IT IS ORDERED that Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied as untimely, and this case is dismissed with prejudice.

Dated this 28th day of March, 2006.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
   (SEAL)                DEPUTY

---

[3]The government correctly asserts that a motion for new trial does not toll the limitations period. *Barnes v. United States*, 437 F.3d 1074, 1077-1079 (11th Cir. 2006); *Trenkler v. United States*, 268 F.3d 16, 20-24 (1st Cir. 2001); *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000).

3