UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DESMOND ROUSE, | \* | CIV 06-04008 |
| | \* | CR 94-40015 |
| Petitioner, | \* | |
| | \* | |
| -vs- | \* | |
| | • | ORDER |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Desmond Rouse's ("Rouse") Motion For New Trial. (CIV 06-04008, Doc. 13.) Rouse also filed a motion in the Eighth Circuit for authorization to file a second or successive habeas petition.[1] Rouse asked this Court to hold his Motion For New Trial in abeyance pending the Eighth Circuit's ruling on his application to file a second habeas. (Doc. 13 at 2.)

On June 4, 2018, the Eighth Circuit issued a judgment denying Rouse's petition for authorization to file a successive habeas application in the district court, and the Eighth Circuit's mandate was issued that same day.

Presumably because he recognized the Eighth Circuit might deny authorization for him to file a second or successive habeas petition, Rouse seeks relief under the catchall provision of Rule 60(b)(6) in his Motion For New Trial.[2] A district court may grant relief under Rule 60(b)(6) where there are "extraordinary circumstances" or "where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v.*

---

[1] The Eighth Circuit's authorization is a prerequisite under 28 U.S.C. § 2244(b)(3) to the filing of a second or successive habeas petition in this Court.

[2] The rule provides for relief from a final judgment or order for any reason that justifies relief. *See* FED.R.CIV.P. 60(b)(6).

*Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997). The Court notes that *Cornell v. Nix* was decided after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), but the petition in that case was filed prior to the effective date of the Act, and the Eighth Circuit noted that the Act's strictures did not apply. *Cornell v. Nix*, 119 F.3d at 1330 n. 2.

In *Gonzalez v. Crosby*, the United States Supreme Court instructed that a petitioner's Rule 60(b) motion should be construed as a second or successive petition when it pursues a substantive claim. 545 U.S. 524, 531–32 (2005). Such claims include motions that pursue an alternative ground for relief and those that "attack[ ] the federal court's resolution of a previous claim on the merits." *Id.*

Rouse contends that he should be allowed to challenge his conviction under Rule 60(b)(6) because he believes there was no merit-based resolution of the issue whether racial animus led to his conviction. He submits an Affidavit of Verna Boyd ("Boyd"), a non-juror, alleging that one of the jurors, Patricia Pickard ("Pickard"), told Boyd of several instances of jokes regarding Native Americans and a comment that Native Americans abuse little girls that were made during deliberations. (Doc. 18, Ex. M, Affidavit of Verna Boyd.) During hearings on this issue in 1994, this Court did not allow Boyd to testify to matters that allegedly occurred during deliberations because of the "no-impeachment" rule, which generally bars juror testimony for the purpose of impeaching a verdict.[3] (CR 94-40015, Doc. 278, Transcript of Oct. 26, 1994 hearing at pp. 4, 24, 25, 53.) Pickard was questioned at a hearing on November 3, 1994 (doc. 290), and two other members of the jury testified at a hearing on January 4, 1995. (Docs. 317, 318.) They were not allowed to testify about jury deliberations. Rouse argues that the compelling evidence in this case calls for disregard of Rule 606(b)'s "no impeachment" rule, and that questions and testimony about what was said

---

[3] Affidavits and statements by jurors may not ordinarily be used to impeach a verdict once the jury has been discharged unless extraneous influence has invaded the jury room. *McDonald v. Pless*, 238 U.S. 264, 267-69 (1915). Rule 606(b) of the Federal Rules of Evidence expressly prohibits the use of a juror's affidavit to impeach a verdict except with respect to extraneous prejudicial information or outside influence. This is known as the no-impeachment rule, and it "has evolved to give substantial protection to verdict finality and to assure jurors that, once their verdict has been entered, it will not later be called into question based on the comments or conclusions they expressed during deliberations." *Pena-Rodriguez v. Colorado*, — U.S. —, 137 S.Ct. 855, 861 (2017).

during jury deliberations should be allowed in light of the Supreme Court's recent decision in *Pena-Rodriguez v. Colorado*, — U.S. —, 137 S.Ct. 855 (2017).

In *Pena-Rodriguez*, the defendant was convicted by a Colorado jury of harassment and unlawful sexual contact. Following discharge of the jury, two jurors told defense counsel that a juror had expressed anti-Hispanic bias toward the defendant and his alibi witness during deliberations. Counsel obtained affidavits from the two jurors describing a number of biased statements by the other juror indicating that he believed the defendant was guilty because Mexican men believed they could do whatever they wanted with women, and that he thought the defendant committed the crimes because he was Mexican. The juror also said that he did not find the defendant's alibi witness credible because he was "an illegal." After reviewing the affidavits, the trial court acknowledged the juror's apparent bias, but denied the defendant's motion for a new trial based on Colorado's version of the no-impeachment rule. The Colorado Supreme Court affirmed. The Supreme Court granted certiorari "to decide whether there is a constitutional exception to the no-impeachment rule for instances of racial bias." *Pena-Rodriguez*, 137 S.Ct. at 863.

The Supreme Court held that "where a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment requires that the no-impeachment rule give way in order to permit the trial court to consider the evidence of the juror's statement and any resulting denial of the jury trial guarantee." *Pena-Rodriguez*, 137 S.Ct. at 869. However, "[n]ot every offhand comment indicating racial bias or hostility will justify setting aside the no-impeachment bar to allow further judicial inquiry." *Id.* The Supreme Court explained what must be shown for the inquiry to proceed:

> [T]here must be a showing that one or more jurors made statements exhibiting overt racial bias that cast serious doubt on the fairness and impartiality of the jury's deliberations and resulting verdict. To qualify, the statement must tend to show that racial animus was a significant motivating factor in the juror's vote to convict. Whether that threshold showing has been satisfied is a matter committed to the substantial discretion of the trial court in light of all the circumstances, including the content and timing of the alleged statements and the reliability of the proffered evidence.

*Id.* The Supreme Court concluded that the juror's statements at issue in *Pena-Rodriguez* "were egregious and unmistakable in their reliance on racial bias." *Pena-Rodriguez*, 137 S.Ct. at 870. In reaching that conclusion, the Court observed that the juror not only deployed a dangerous racial stereotype to conclude the defendant was guilty and his alibi witness should not be believed, but also encouraged other jurors to join him in convicting on that basis. *Id.*

Rouse argues that *Pena-Rodriguez* allows this Court to admit and consider Boyd's affidavit and testimony and that, under Rule 60(b)(6), he is entitled to a new trial or at least a hearing to present evidence that one or more jurors were motivated by racial animus in their decision to convict.

Rouse also makes a separate argument that the new medical and recantation evidence he has submitted with his Motion For New Trial demonstrates he is "actually innocent" and, therefore, he should be allowed to proceed on the merits of his claims under Rule 60(b)(6) even if his claims are procedurally barred. Rouse asserts that the new evidence "completely undermines any semblance of fairness in the trial." (Doc. 18 at p. 23.)

The standard for showing actual innocence where a petitioner has defaulted is demanding, and the gateway to adjudication on the merits "should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

The Government will be directed to file a response to the Motion For New Trial. The response shall address the issues whether this Court has authority to consider Rouse's claims under Rule 60(b)(6) and, if Rule 60(b) applies, whether Rouse has presented sufficient evidence justifying such relief. Rouse will be given an opportunity to reply. The Court will address the other pending motions, including the Motion to Consolidate Rouse's case with those of his co-defendants, doc. 15, after it has determined whether Rule 60(b)(6) is applicable to possibly afford relief in this case. Accordingly,

IT IS ORDERED:

1. That, on or before August 1, 2018, the Government shall respond to the Motion for New Trial, and the response shall include briefing on whether Rouse's claims can serve as the basis for relief under Rule 60(b)(6); and

2. That, within 20 days after receipt of the Government's brief, Rouse shall file a reply to any arguments made by the Government.

Dated this 3rd day of July, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: [signature]
(SEAL) DEPUTY