UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DESMOND ROUSE,<br><br>　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Respondent. | Case: 4:06-cv-04008-LLP<br><br>**Brief in Response to Petitioner's Post-Hearing Brief Regarding Movant's Motion for New Trial** |

Respondent, United States of America, by and through its counsel of record United States Attorney Ronald A. Parsons, Jr., and Assistant United States Attorney Delia M. Druley, respectfully submits this Brief in Response to Petitioner's Post-Hearing Brief Regarding Movant's Petition for New Trial.

### REPLY ARGUMENT

**I.   The case law Rouse relies upon in his post-hearing brief is procedurally distinguishable from this case.**

Rouse relies upon precedent from the Ninth and Third Circuits in support of his contention that changes in standards for forensic evidence of sexual abuse warrant granting his motion for a new trial. None of these cases, however, occurred in the Rule 60(b)(6) context. In *Gimenez v. Ochoa*, 821 F.3d 1136 (9th Cir. 2016), the petitioner had been authorized by the Ninth Circuit Court of Appeals to file a successive habeas petition on those grounds. *See id.* at 1140 ("Gimenez then filed a second federal habeas petition *with this court's permission*") (emphasis supplied). Similarly, in *Lee* v. *Glunt*, 667 F.3d 397 (3d

Cir. 2012), the petitioner raised his claim that his due process rights were violated because his convictions were based on inaccurate and unreliable evidence in a timely first federal habeas petition under 28 U.S.C. § 2254. *Id.* at 402. Similarly, in *Ex parte Mayhugh*, 512 S.W.3d 285, 292 (Crim. Ct. App. Tex. 2016), the Texas state court case that Rouse's counsel discussed extensively during oral argument on this motion, the petitioner was proceeding in state court, under a legislatively authorized avenue for habeas corpus relief based upon "new science." *Id.* at 292.

Rouse, of course, was denied leave to file a successive habeas petition on the same grounds advanced in the present motion by the Eighth Circuit Court of Appeals. *See* Civ. 18-1478, June 4, 2018 Order Denying Authorization for Leave to File Successive Habeas. His present motion is not his first federal habeas corpus petition. Nor has Congress provided a legislative avenue specifically for the purpose of advancing "new science" claims in the habeas corpus context. Additionally, the view urged by Rouse ignores the timelines for federal habeas petitions, and successive federal habeas petitions, put in place by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under Rouse's view, there are no time limits any time a medical journal expresses a new view about forensic science. This is contrary to both Congressional intent and decades of settled federal law. Accordingly, the case law cited by Rouse does not support granting his Rule 60(b)(6) motion for a new trial.

### II.     Rouse's motion for a new trial is a successive § 2255 petition.

It is well-established that a habeas petitioner cannot avoid the limitations on successive petitions imposed by 28 U.S.C. § 2244(b)(3) for filing a successive § 2255 action by recasting it as a motion for a new trial under Rule 60(b)(6). Rouse's motion, however, does just that.  A motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure is a "second or successive petition" requiring the authorization of the Eighth Circuit Court of Appeals if it contains a claim. *Ward v. Norris,* 577 F.3d 925, 933 (8th Cir. 2009).

Rouse's motion for a new trial, which advances grounds identical to his motion for leave to file a successive petition, advances claims.  The motion for a new trial advances a number of substantive claims, attacking the validity and finality of his conviction.  One of those grounds is the change in the law posed by *Peña-Rodriguez v. Colorado,* 580 U.S. ___, 137 S. Ct. 855 (2017). The Supreme Court specifically warned that "a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' " *Gonzales v. Crosby,* 545 U.S. 524, 531–32 (2005).  Because this is precisely what Rouse attempts, his motion for a new trial should be dismissed as a successive petition.

### CONCLUSION

This Court has reviewed lengthy and extensive briefing on this matter, heard oral argument, and has now been presented with post-trial briefing on

Rouse's claims. Neither the alleged recantations, already been found not credible by this Court, nor the asserted advances in forensic science, nor *Pena-Rodriguez* are sufficient to meet Rouse's burden of establishing "extraordinary circumstances" that warrant a new trial. None of the evidence or arguments presented justify disturbing the verdict that the jury reached in this case over twenty years ago.

WHEREFORE, the United States respectfully requests that this Court deny Rouse's Rule 60(b)(6) motion.

Dated this 6th day of December, 2018.

                                                             RONALD A. PARSONS, JR.
                                                             United States Attorney

                                                             */s/ Delia M. Druley*
                                                            _____
                                                            DELIA M. DRULEY
                                                           Assistant U.S. Attorney
                                                           P.O. Box 2638
                                                           Sioux Falls, SD 57101-2638
                                                           Phone: 605.357.2320
                                                           Fax: 605.330.4402
                                                           Delia.Druley@usdoj.gov